THE STATE v. EDWIN EKLOF, Appellant.—11 S. W. (2d) 1033.

Division Two, December 18, 1928.

W. A. *Dollarhide* for appellant; *A. M. Meyer* of counsel.

**550**

*Stratton Shartel,* Attorney-General, and *Walter E. Sloat,* Special Assistant Attorney-General, for respondent.

BLAIR, J.—Appellant was convicted of the felony of transporting moonshine whiskey, was sentenced upon the verdict of the jury to imprisonment in the state penitentiary for a term of two years, and has appealed.

The following statement, taken from the respondent's brief, tersely and fairly covers the essential facts in the case:

"The evidence on behalf of the State shows that Ralph B. Nevins, the Prosecuting Attorney of Hickory County, Missouri, on March 18, 1928, during the afternoon, went into the toilet at the courthouse of Hickory County and up overhead on some old partitions he discovered a pint bottle about one-third full of moonshine whiskey. Nevins thereupon marked the bottle and cap so he could later identify them, placed the bottle back on the partition, notified the constable, J. M. Donavan, about the occurrence, then went across the street to watch and, if possible, see who came for the liquor. Sometime later defendant entered the courthouse; came out again, and when the officers went in to look for the whiskey it was gone. The defendant got in his car and started away, the officers trying to stop him but failing to do so. Before going very far the defendant, in trying to turn a corner, ran

into another car, whereupon the officers came up and arrested him. Upon opening the car door the officers found the bottle and cap on the floor, but very little of the liquid remained in the bottle, most of it having drained out on the floor of the car and through the opening where the emergency brake comes through the floor board. Prosecuting Attorney Nevins and Constable Donavan both testified that the bottle contained moonshine whiskey. The defendant offered no evidence, but stood on his demurrer to the State's evidence.''

The information followed the language of Section 21, page 242, Laws of 1923, which set forth all the elements of the offense and was sufficient. The meaning of the word ''transport'' in Section 21, is fixed by Section 19 of the same act as including ''every mode, method, or means of carrying, or conveying, intoxicating liquor from place to place in any container, or receptacle, of whatever kind or character, and by whatsoever means used, *except carrying intoxicating liquor on person.*'' (Italics ours.)

Appellant earnestly contends that the evidence offered by the State upon the question of transportation was not sufficient to make a case under Section 21, because it does not appear that appellant ever carried the bottle of whiskey in any other manner than upon his person and that such carriage, under the definition found in Section 19, is not the character of transportation denounced by Section 21. We think that such contention is fully justified under the record.

There was substantial circumstantial evidence tending to prove that appellant carried, either on his person or elsewhere in his automobile, a pint bottle partially filled with moonshine whiskey. The bottle was found upon the floor of the automobile under such circumstances as to justify the inference that appellant had attempted to empty the remaining contents of the bottle after his collision with another automobile and when his arrest appeared imminent. To empty the bottle, appellant must have had it in his hands, that is to say on his person. Hence, the finding of a freshly emptied bottle and evidence of its contents on the floor after the automobile had come to a stop, does not justify the inference that the bottle containing whiskey was on the floor when appellant was driving the automobile.

There was substantial evidence justifying the finding that the appellant took the bottle of whiskey from the toilet of the court house and carried it to his automobile. No witness then saw the bottle as appellant left the toilet, hence the inference is clear that it was concealed on his person at that time. No circumstance is shown tending to prove that appellant took the bottle off his person until he attempted to empty its contents after the collision. Indeed, under the facts of this record, he had little time or opportunity to do so had he desired to do it. Pursuit was almost immediate when it was discovered that the bottle was missing after appellant left the toilet.

The facts as to the transportation in State v. Peters (Mo. Sup.), 6 S. W. (2d) 838, are quite like those in the case at bar. There the bottle containing whiskey was thrown out of the moving automobile, instead of its contents being emptied through the hole in the floor, as here. There, WHITE, P. J., said:

"The car was Leibert's car, and he drove it. In order to convict the defendant of transporting liquor, it would have to be proved that he controlled the movements of the car, and that the liquor was in the car and not on the person of either one of those boys. It was a half-pint bottle. As a matter of common knowledge, a person who has liquor in that quantity about him usually carries it in a pocket, especially if he is drinking it, as evidence tends to show these boys were. The natural inference is that, when the bottle was thrown out it was pulled from the pocket of one of these boys and thrown to the road. There is no substantial evidence to support the verdict. It fails in two particulars: To show that the half-pint of liquor was in the car and not on the person of either one of the boys; and to show that this defendant controlled the movements of the car, or had anything to do with the transportation."

The bottle appellant had was a pint bottle and could readily have been carried on his person. He visited the toilet and evidently drank from the bottle before he returned to the toilet to take the bottle away. He must have been drinking and it was natural for him to carry the bottle on his person. The inference that he did so is at least stronger than that he deposited the bottle on the floor of the automobile before he started to drive away. Certainly he had no reason at that time for getting rid of the contents of the bottle. The most that can be said from the circumstances in this case, including the finding of the bottle on the floor of the automobile after it had been brought to a stop, is that the proof raises a mere suspicion that appellant carried the bottle in his moving automobile elsewhere than upon his person. Such suspicion is not enough. [State v. Archer (Mo. Sup.), 6 S. W. (2d) 912; State v. Counts, 234 Mo. 580, 137 S. W. 871; State v. Buckley, 309 Mo. 38, 274 S. W. 74; State v. Ruckman, 253 Mo. 487, 161 S. W. 705; State v. Adkins (Mo. Sup.), 222 S. W. 431; State v. Singleton, 294 Mo. 346, 243 S. W. 147; State v. Francis, 199 Mo. 671, 98 S. W. 11.]

The instruction in the nature of a demurrer to the evidence should have been given. Other errors assigned are of such character that they will not likely recur upon another trial, if the State is able to obtain sufficient additional evidence to justify such course.

The judgment is reversed and the cause remanded. All concur.