THE STATE v. BILL RANDOLPH and JESSE STROUP, Appellants.—34 S. W. (2d) 55.

Division Two, December 20, 1930.

*John H. Keith* for appellants.

*Stratton Shartel*, Attorney-General, and *Carl J. Otto*, Assistant Attorney-General, for respondent.

HENWOOD, J.—Bill Randolph, Jesse Stroup and George Gore were jointly charged, in the Circuit Court of Reynolds County, with the unlawful transportation of "hootch, moonshine, corn whiskey." Gore took a severance. Randolph and Stroup were tried together, and the jury found them guilty and assessed their punishment at imprisonment in the penitentiary for two years. They were sentenced accordingly, and, in due course, appealed.

The evidence adduced by the State is substantially as follows: On August 20, 1927, Roy Scott, a resident of the town of Centerville, in Reynolds County, saw Randolph and Stroup, with a Ford truck, a

short distance from Centerville. Randolph was "cranking" the truck, and had a bottle "sticking up out of his coat pocket." Later that day, Stroup and Gore were in Centerville, "hunting for a battery to go on their truck," but "they couldn't get one." They met Jesse Brooks, who was engaged in "trucking," and arranged with him "to tow them into town." Stroup guided the Ford truck as it was towed to Centerville, and Randolph and Gore rode in the seat with him. Upon reaching Centerville, Brooks stopped his truck in front of Scott's garage and left the Ford truck standing there, "south of the court house fence." Randolph and Gore remained in the seat of the Ford truck, while "Stroup was around there trying to find some one to take them to Corridon." At that time, "someone came by" the court house and told the sheriff "there was a drunk man over in that truck." The sheriff went immediately to the Ford truck, told Randolph and Gore that he "was going to search their car for whiskey." Randolph challenged his authority to search the truck. Thereupon, the sheriff arrested Randolph and Gore, searched the truck, and found a bottle of "moonshine whiskey" on the seat between them. Shortly thereafter, the sheriff arrested Stroup. Randolph's conduct was disorderly, and "he used a whole lot of vile language," after he was arrested. The bottle of "moonshine whiskey" found on the seat of the truck by the sheriff was admitted in evidence in connection with his testimony.

Randolph testified: He had a bottle in his "coat pocket" when he came into Centerville on the Ford truck, but not the bottle identified by the sheriff. He took it out of his pocket "in front of the garage." He had nothing to do with the driving of the truck, and did not know who owned it. Stroup did the driving.

Stroup testified: The bottle identified by the sheriff is the bottle Randolph had "in his pocket" on the day the Ford truck was towed to Centerville. He saw "that bottle" in Randolph's pocket "there where the truck broke down." He did not know "whether he took it out" of his pocket. He was not in the truck when Randolph and Gore were arrested. He had nothing to do with the transportation of the bottle, and Randolph had nothing to do with the driving of the truck.

The defendants are clearly right in the contention that there is no substantial evidence upon which to base the verdict and judgment of conviction in this case.

Section 19 of the Prohibition Act of 1923 says that the words "transport" and "transportation," as used in the prohibition acts of this State, "shall be held to mean and include every mode, method, or means of carrying or conveying, intoxicating liquor from place to place in any container, or receptacle, of whatsoever kind or character, and by whatsoever means used, *except carrying intoxicating liquor on person.*" [Laws 1923, p. 242.]

It does not affirmatively appear that Randolph had anything to do with the movements of the truck, nor that Stroup had anything to do with the bottle of whiskey which the sheriff found on the seat of the truck. On the contrary, the evidence tends to show that Randolph had exclusive control off the bottle of whiskey, and that Stroup had exclusive control of the movements of the truck. Moreover, it does not affirmatively appear, and there is no evidence from which it may be legitimately inferred, that the bottle of whiskey was on the seat of the truck, or that it was resting on or supported by any part of the truck, at any time while the truck was in motion. It is undisputed that Randolph had the bottle of whiskey in his coat pocket "there where the truck broke down," a short distance from Centerville, and he testified that he did not take it out of his coat pocket until after the truck was stopped "in front of the garage" in Centerville. If the bottle of whiskey was carried on his person while the truck was in motion, then it was not unlawfully transported. Of course, the jury were not bound by Randolph's testimony, but outside of his testimony, they could only speculate and conjecture as to when he took the bottle of whiskey out of his pocket. And a verdict based upon speculation and conjecture will not be permitted to stand. In three recent cases, State v. Peters, 6 S. W. (2d) 838; State v. Eklof, 321 Mo. 548, 11 S. W. (2d) 1033, and State v. Vinson, 22 S. W. (2d) 779, the defendants were convicted of transporting "hootch, moonshine, corn whiskey" unlawfully, on facts and circumstances similar to the facts and circumstances developed at the trial of this case, and, in each instance, we held that the evidence was not sufficient to support the verdict. See, also, our ruling in State v. Perkins, 18 S. W. (2d) 6.

Manifestly this prosecution must fail for the want of proof. The judgments entered against the defendants are reversed and the defendants discharged. All concur.